■    GILBERT ADVERTISING AGENCY, INC., Respondent, v. SEABOARD SURETY COMPANY, Appellant.— Order entered July 18, 1969, denying, in part, defendant's motion to strike certain interrogatories under article 31 of CPLR unanimously modified on the law, the facts and in the exercise of discretion to the extent of striking interrogatories 3, 7, 8, 9, 10, 11, 17, 18, 19, 20 and 21, and as so modified, affirmed, without costs and without disbursements, on the ground that the matter requested is not material or necessary in the prosecution of this action and the stricken items are excessively burdensome. The issues in this case relate to defendant's justification in denying coverage, the reasonableness of the ensuing settlement and damages necessarily flowing from the denial of coverage, including counsel fees in this case. Since the provisions of the policy seem to be clear and unambiguous, construction would not appear to be necessary. The basis for determining the propriety of requested disclosure should be the connection of the inquiry to the issues to be resolved and in view of the issues presented in this action, we believe the information requested in the interrogatories stricken is neither material nor necessary. (See *Allen* v. *Crowell-Collier Pub. Co.,* 21 N Y 2d 403.) The test should be one of usefulness and reason. CPLR 3101 (subd. [a]) should be construed to permit discovery

514

of testimony which is sufficiently related to the issues in litigation to make the efforts to obtain it in preparation for trial reasonable. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.07.) Interrogatories 1, 2, 4, 5 and 6 seek information in support of the counsel fee cause of action and are allowed since such information may possibly lead to a general disclaimer policy which could have a bearing on the recovery of counsel fees sought in this action. "'If there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered "evidence material * * * in the prosecution or defense."'" (*Matter of Comstock*, 21 A D 2d 843, 844.) Objections to interrogatories 31a and 35a have been withdrawn. Concur — McGivern, J. P., Markewich, McNally and Tilzer, JJ.